FUTOPOLUS, Respondent, vs. MIDLAND CASUALTY COM-
PANY, Appellant.

*April 8—May 3, 1921.*

*Insurance: Notice of disability under accident policy: Question
for jury: Change of occupation: Amount of damages.*

1. In an action on a health and accident insurance policy, where
   the evidence was uncertain as to whether plaintiff was dis-
   abled during the twenty days following the time he quit work
   on account of an injury, it was for the jury to determine
   whether notice of the accident was given as soon as reason-
   ably possible in view of the facts and circumstances of the
   case, and their verdict on the issue must stand.
2. Where plaintiff was insured under an accident and health policy
   as a "finisher" in a furniture shop, but was injured while
   employed in a bakery doing shop service in putting bread
   in boxes, he could recover on the policy as a "baker," which
   was within the same class of hazards, since the word "baker,"
   in its ordinary use respecting the bakery business, has a
   generic meaning and includes in its scope different services
   connected with such business.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

This action was brought by plaintiff in the civil court of
Milwaukee county to recover on a health and accident in-
surance policy issued to him by the defendant company.
Plaintiff contends that on April 3, 1917, defendant executed
and delivered to plaintiff, in consideration of the payment
of policy and premium fees, a policy of accident insurance
insuring plaintiff against loss of time caused either by acci-
dent or sickness; that on May 14, 1917, while said policy
was in full force and effect, plaintiff became sick and was
obliged to discontinue his work and was confined to a hos-
pital under the attention of a physician; that by reason
thereof plaintiff was unable to perform the usual duties of
his occupation until August 20, 1918; that again on October

7, 1918, plaintiff became sick and was obliged to be confined to the hospital and to discontinue his work and that he has been unable to return to his work; that the plaintiff has duly performed all of the duties and conditions of the policy and within twenty days from the commencement of said sickness gave the defendant company notice of said illness; that thereafter the plaintiff demanded of the defendant the sum of $40 per month as indemnity under the policy, but that defendant refused to pay the plaintiff; that there is now due and owing to the plaintiff the sum of $720 with interest.

Defendant denies the allegations of the complaint and answers that the plaintiff at the time of signing his application for the policy in question was suffering from disease and in an uninsurable condition, but that he represented to the contrary in the application signed by him; that the defendant believed and relied upon the representations made by the plaintiff and issued to the plaintiff the policy upon which this action is brought; that the plaintiff failed to give notice of his alleged disability as provided in the policy.

The case was tried before a court and a jury. By a special verdict it was found that the plaintiff was wholly and continuously disabled thirty days after the accident; that the plaintiff's occupation at the time the application was taken and the policy issued was that of a finisher in a furniture shop; that at the time of the accident the plaintiff's occupation was that of a baker; that the plaintiff gave written notice to the defendant on May 16, 1917, and that such notice was given as soon as was reasonably possible under the circumstances of the case; that the plaintiff was wholly and continuously disabled seventeen months and eight days to October 7, 1918, and seven months and fourteen days after October 7, 1918; that the plaintiff was under the professional care and personal attendance of a legally qualified physician and surgeon at least once a week for a period of

twenty-four months. Damages were assessed in the sum of $960. The trial court reduced the damages to $240. Judgment was entered for $275.90. Defendant appealed to the circuit court for Milwaukee county, wherein judgment was affirmed. Appeal is taken to this court.

*Orlaf Anderson* of Milwaukee, for the appellant.

For the respondent there was a brief by *Fawcett & Dutcher* of Milwaukee, and oral argument by *George C. Dutcher*.

SIEBECKER, C. J.    Upon this appeal the defendant raises three questions: (1) Was notice of the accident given defendant in accordance with the statutory provisions of the policy? (2) What was the plaintiff's occupation at the time he was injured? Was it that of baker or baker's helper? (3) If the defendant is liable, is the amount of its liability fixed by sec. (a) or (b) of Part IV of the policy?

It is contended that the evidence shows plaintiff failed to comply with the policy provision requiring that written notice of injury or sickness must be given within twenty days after the date of the accident causing the injury. Admittedly notice was not given within such twenty days. But the jury found that notice was given as soon as possible under all of the circumstances of the case. An examination of the evidence shows an uncertainty upon the point of fact whether or not plaintiff was disabled or knowingly injured by the accident within twenty days after the date of the accident. True, he testifies that he stopped work for the baking company for ten days succeeding the second day after the accident, but it was not clear that he was disabled or sick during this period, and the evidence likewise fails to show as a matter of law that he was disabled or sick any part of the twenty-day period immediately succeeding the date of injury, which required him to give notice of the accident within that period. We think the state of the evidence properly called for a determination by the jury of the

Futopolus v. Midland C. Co. 174 Wis. 208.

question whether notice of the accident was given as soon as reasonably possible in view of the facts and circumstances of the case, and their verdict on this issue must stand.

Under the terms of the policy indemnity was provided for plaintiff as a "finisher" in a furniture shop. At the time of accident he was employed by the Atlas Baking Company in the city of Milwaukee. He testified that he was engaged at the time of the accident in handling bread boxes, putting loaves of bread in them, and loading them on trucks, and while so engaged a box fell and struck him about the knee. The service thus described is baker's-shop service and of the kind within the class designated in the company's manual as "B." This service is classified the same as plaintiff was classified in the policy by insuring him as a "finisher" in the furniture business. The jury's finding that plaintiff's occupation at the time of accident was that of a "baker" must be interpreted to mean that he was employed in a bakery, doing shop service. The word "baker" in its ordinary use respecting a bakery business has a generic meaning and includes in its scope different services connected with the bakery business. It is considered that the jury's finding of plaintiff's occupation as a baker is sustained in the sense above indicated and that such employment is within the same class of hazards as the one for which plaintiff was insured.

By sec. (b) of paragraph IV of the policy it is provided that:

"If such injury shall not from date of accident wholly disable the injured, but shall within thirty days thereafter wholly and continuously disable him, . . . the company will pay for the period of such disability, not exceeding six consecutive months, one half of said monthly accident indemnity."

Since plaintiff's disability started within thirty days after the accident, but not from its date, recovery is limited to not exceed six months at one half of the monthly indemnity.

The stipulated monthly indemnity being $40, it follows that plaintiff is entitled to recover under his policy a monthly indemnity of $20 for the period of six months, namely, the sum of $120.   Since the amount of the damages awarded is excessive, it must be reduced to the sum of $120.  The plaintiff is entitled to recover interest on the amount of this recovery from the time of the commencement of the action and his costs in the civil and circuit courts.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the circuit court with directions to award judgment in plaintiff's favor for the amount of the damages, interest, and costs as indicated in the foregoing opinion.